IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MUHAMMED RAHIM,<br><br>Petitioner,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., *et al.*,<br><br>Respondents. | Civil Action No. 09-CV-1385 (PLF) |

**RESPONDENTS' STATUS REPORT REGARDING AUTOMATIC DISCOVERY**

  Pursuant to the Court's Order of December 22, 2022 (ECF No. 183) and the Minute Entry of October 17, 2023, Respondents, by and through undersigned counsel, respectfully submit this status report regarding their progress in producing automatic discovery required under the Amended Case Management Order ("ACMO").

  Respondents continue to make progress on their discovery searches and production. The vast majority of the searches of the reasonably available materials have been completed. Respondents continue to work to complete their searches for responsive documents and to submit responsive documents to the classification authorities for clearance at a pace at least commensurate with the ongoing reduction in the backlog of documents submitted to the classification authorities for clearance both in this case, other Guantanamo habeas cases, and in ongoing military commission prosecutions.

  Respondents continue to regularly produce classified documents to Petitioner's counsel as documents are cleared for production. Since the last status report filed on

1

October 6, 2023, ECF No. 187, Respondents have produced approximately 45[1] classified documents consisting of approximately 256 pages.[2]  Two of the produced classified documents in this period are new declarations from former government employees who interviewed the Petitioner at Guantanamo.  These declarations address the circumstances of their interviews of the Petitioner at Guantanamo.  Several of the classified documents produced in this period include classified substitutes of certain classified information that had to remain redacted.  Many of the classified substitutes produced in this case are a few pages each, containing dozens of individual classified substitutions for each document.  These classified substitutes are designed to provide the maximum amount of information to the Petitioner's counsel while protecting sensitive national security equities.  Dozens of classified documents are currently pending clearance review with the relevant classification authorities, and a significant number of additional classified documents have been identified to be submitted for clearance review.  Respondents will continue to make regular, rolling productions of classified documents as they are cleared by the classification authorities.

Including the recent productions (since the October 6, 2023 status report) described above, since January 24, 2022, Respondents have produced a total of

---

[1]  Four of the produced documents in this period are marked as either Unclassified/FOUO (For Official Use Only) or Law Enforcement Sensitive.

[2]  Many of the produced pages contain redactions of sensitive classified information that is not responsive to the disclosure requirements in this case.  With respect to information identified by Respondents that is responsive to disclosure requirements but cannot be produced or disclosed to Petitioner's counsel consistent with national security, Respondents will be seeking an exception from disclosure in an *ex parte, in camera* motion under Section I.F of the Amended CMO.  And as noted above, Respondents have also provided and will continue to provide classified substitutes for certain responsive redacted information.

approximately 894 classified documents, including approximately 25 less-redacted versions of previously produced classified documents, consisting of approximately 3,923 pages. Approximately 538 of these produced classified documents are accompanied by classified substitutes of certain classified information that had to remain redacted.

Respondents have also produced to Petitioner's counsel a total of approximately 2,150 pages of unclassified/protected information medical records and over 5,600 pages of medical images regarding Petitioner from Guantanamo. This production of medical records includes Respondents' previously completed production of Petitioner's medical records at Guantanamo made pursuant to Petitioner's counsel's prior requests. Respondents have also produced 730 pages of unclassified/protected information medical records from the files of two former Guantanamo detainees who provided information relied upon in this case.

Respondents take their obligations in this case seriously and continue to work diligently on their discovery obligations under the ACMO in order to produce classified documents as quickly as possible while protecting national security equities. Unfortunately, Respondents' pace of production over the last three months slowed significantly compared to the three months preceding the last status report, due to a variety of factors, including ongoing staffing issues with respect to personnel who work on the process of clearing classified documents for discovery in Guantanamo habeas and military commission cases, discovery and other deadlines in other Guantanamo habeas cases, and holiday leave schedules. An additional key factor contributing to the pace of production is that many of the classified documents in this case that are subject to disclosure have complex equities that require more comprehensive review before

documents can be disclosed. In fact, many of the documents being reviewed for clearance recently are among the most complicated and sensitive documents in this case, thereby necessitating internal consultations regarding sensitive equities and a line-by-line review process that is even more comprehensive and painstaking than for many previously produced materials and that takes a significant amount of time in order to produce as much discoverable information as possible while still protecting sensitive national security equites. Further, these documents often require detailed classified substitutes to be drafted and reviewed to address some of the information that must be redacted in order to produce to Petitioner's counsel, in some form, the maximum amount of information as possible, while protecting national security, which also takes additional time, as referenced above.

      Respondents apologize and regret the production delay that has resulted. Respondents will continue clearing and producing documents as quickly as possible, given the limited resources, complex equities involved, and numerous competing obligations on the agencies outlined above.

      Respondents are working to produce as many documents as possible, but at this point it is unlikely that Respondents will be able to meet the April 1, 2024 automatic discovery deadline. Respondents will file a status report at the next interval to be set by the Court, updating the Court and Petitioner's counsel on the discovery production progress to date, with rolling productions to continue, and will seek any other relief as necessary and appropriate.

Dated: January 9, 2024                              Respectfully submitted,

                                                            BRIAN M. BOYNTON

Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

TERRY M. HENRY
Assistant Branch Director

*/s/ Daniel M. Barish*
RONALD J. WILTSIE (DC Bar No. 431562)
Senior Trial Counsel
DANIEL M. BARISH (DC Bar No. 448263)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Tel: (202) 305-8970
E-mail: Daniel.Barish@usdoj.gov

Attorneys for Respondents